Russell S. Thompson, IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cola Allen, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Receivables Performance Management, | ) |
| LLC, | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1.      Plaintiff Cola Allen ("Plaintiff") brings this action against Defendant Receivables Performance Management, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing.  *See Id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7.     Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

8.     To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

9.     Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

10.     "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primacy enforcement tool of the Act.'"  *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

11.     Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*,

660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000).

12.     "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-8 (9th Cir. 2014) (emphasis in original).

**PARTIES**

13.     Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Yavapai, and City of Cottonwood.

14.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

16.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

17.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

18.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal cell phone products and services with Verizon Wireless (the "Debt").

19.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

20.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21.     In 2012, Plaintiff and Verizon Wireless ("Verizon") had a dispute over the billing amount that Verizon was attempting to collect.

22.     Plaintiff believed that he owed Verizon around $297, while Verizon sought to collect $611.47.

23.     Plaintiff and Verizon were unable to resolve their dispute.

24.     Plaintiff attempted to pay what he believed the full amount owed was, about $297, however, Verizon returned Plaintiff's check uncashed.

25.     On or before June 18, 2016, Verizon hired Defendant to collect the Debt on its behalf.

26.     On June 18, 2016, Defendant sent Plaintiff a letter in an attempt to collect the Debt.

27.     A true and correct copy of Defendant's letter is attached to this complaint as Exhibit A.

28.     Defendant's June 18, 2016 letter was its initial communication with Plaintiff with respect to the Debt.

29.     Defendant's June 18, 2016 letter stated that the principal amount owed was $611.47, along with fees of $110.06, for a total balance of $721.53 on the Debt.

30.     On June 24, 2016, Plaintiff sent a letter to Defendant, which among other things disputed the Debt and requested verification.

31.      A true and correct copy of Plaintiff's June 24, 2016 letter is attached to this complaint as Exhibit B.

32.     Defendant received Plaintiff's letter on June 27, 2016.

33.     On August 8, 2016, Defendant sent Plaintiff a letter in response.

34.     A true and correct copy of Defendant's letter and enclosed documents are attached to this complaint as Exhibit C.

35.     Defendant's August 8, 2016 letter stated that the balance due on the Debt was $721.53.

36.     Defendant attached Plaintiff's final Verizon bill to its August 8, 2016 letter as purported verification of the Debt.

37.     The Verizon bill statements lists that the total amount due on the Debt was $611.47.

38.     However, Defendant did not provide any verification or otherwise explain the basis for the $110.06 "fees" portion of the Debt.

39.     Yet, Defendant's August 8, 2016 letter attempted to collect the total $721.53 balance, including the $110.06 in fees.

40.     Upon receipt of the August 8, 2016 correspondence, Plaintiff was left unsure of the basis for the $110.06, and was unable to determine why or how those fees had accrued.

41.     Plaintiff's June 24, 2016 letter also requested Defendant to provide Plaintiff with "1. The name of the creditor; 2. The time and place of the creation of the debt; 3. The merchandise, services, or other value provided in exchange for the debt; and 4. The date when the account was turned over to the collection agency by the creditor," as well as any documents in Defendant's records that contain these items of information.

42.     However, Defendant did not provide Plaintiff with all of this information.

43.     Prior to Defendant's initial communication with Plaintiff, Verizon obtained a binding arbitration award against Plaintiff with respect to the Debt.

44.     On March 29, 2016, the AAA Arbitrator held that "Mr. Allen is liable to and shall pay Verizon in the amount of $611.47 for non-payment of his account."

45.     Attorneys' fees and costs were also allocated in the award, as was post-judgment interest, but the award did not hold that Plaintiff owed fees of $110.06.

46.     Given that the Debt was reduced to a binding arbitration award, which did not include the $110.06 fee, Defendant's attempt to collect the $110.06 was not permitted.

47.     Prior to initiating this lawsuit, Plaintiff, through counsel undersigned, reached out to Defendant in effort to discuss and resolve Defendant's FDCPA liability.

48.     Despite their discussions, the parties were not able to come to an agreement.

49.     However, Defendant—through its authorized representative, Mark Case—expressly agreed to toll the statute of limitations defense until after settlement talks were exhausted.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)

50.    Plaintiff repeats and re-alleges each factual allegation above.

51.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e.

52.    Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

53.    This section also specifically forbids the "false representation of—any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."  15 U.S.C. § 1692e(2)(B).

54.    Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA.  *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

55.    Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of Plaintiff's Debt, and by falsely representing compensation which may be lawfully received for collection of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(b)

56. Plaintiff repeats and re-alleges each factual allegation above.

57. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

58. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

59.     If a consumer disputes the debt in writing, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. *Id.*

60.     "The verification provision must be interpreted to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation. This information does not have to be extensive. It should provide the date and nature of the transaction that led to the debt . . . ." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785-86 (6th Cir. 2014).

61.     "In other circumstances, a debt collector may satisfy its obligation to obtain and to furnish verification by providing a copy of the original bill from the creditor. However, where, as in this case, the amount set forth on that original bill differs from the amount the debt collector is attempting to collect, merely providing a copy of that bill does not satisfy the obligation imposed by § 1692g(b)." *Lamb v. M & M Associates, Inc.*, No. C-3-96-463, 1998 WL 34288694, at *9 (S.D. Ohio Sept. 1, 1998).

62.     Defendant violated 15 U.S.C. § 1692g(b) by attempting to collect a portion of the Debt without verifying that portion, after having received a timely written dispute from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f

63.     Plaintiff repeats and re-alleges each and every factual allegation above.

64.     Without limitation, the FDCPA prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

65.     It is the express purpose of the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

66.     The State of Arizona requires debt collectors such as Defendant to obtain and be able to inform the consumer of "1. The name of the creditor; 2. The time and place of the creation of the debt; 3. The merchandise, services, or other value provided in exchange for the debt; and 4. The date when the account was turned over to the collection agency by the creditor," and further requires the debt collector to provide the consumer

with access to its records that contain this information, and to provide a copy of any documents that contain this information upon the consumer's request.  Ariz. Admin. Code § R20-4-1514.

67.    By requiring debt collectors to obtain and provide the consumer with this information, Arizona has taken action consistent with the FDCPA's animating purpose to protect consumers.

68.    Defendant's failure to provide the consumer with this information when requested is unfair, not only to Plaintiff—the victim of Defendant's illegal collection activity—but to other debt collectors who refrain from using illegal collection methods, who are thus competitively disadvantaged.  *See* 15 U.S.C. § 1692(e).

69.    Defendant violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692f;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

70.   Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 1, 2017

Respectfully submitted,

s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

/s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff